IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MONTANA WILDERNESS ASSOCIATION; GREATER YELLOWSTONE COALITION; and THE WILDERNESS SOCIETY; | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| KATHLEEN McALLISTER, Regional Forester for Region 1; REBECCA HEATH, Supervisor of the Gallatin National Forest; and UNITED STATES FOREST SERVICE; | ) ) ) ) ) ) | |
| | ) | CV 07-39-M-DWM |
| Defendants-Cross-defendants, | ) ) | CV 07-59-M-DWM (consolidated) |
| and | ) ) | ORDER |
| TREASURE STATE ALLIANCE; MONTANA TRAIL VEHICLE RIDERS' ASSOCIATION, MONTANA SNOWMOBILE ASSOCIATION; UNITED FOUR-WHEEL-DRIVE ASSOCIATIONS, INC; and BLUERIBBON COALITION, INC.; | ) ) ) ) ) ) ) | |
| Intervenor Defendants, Cross-claimants. | ) ) ) | |
| CITIZENS FOR BALANCED USE, GALLATIN VALLEY SNOWMOBILE ASSOCIATION, KENNETH ZAHN, and BIG SKY SNOWRIDERS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| REBECCA HEATH, Gallatin National Forest Supervisor, REGIONAL | ) ) | |

```
FORESTER TOM TIDWELL, Region 1,    )
ABIGAIL KIMBALL, Chief of the      )
United States Forest Service,      )
                                   )
          Defendants,              )
_____)
```

## I.  Introduction

On November 26, 2007, Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendation in this matter (dkt # 54). Judge Lynch recommended that this Court grant Montana Wilderness Association et al.'s ("MWA") Motion to Intervene permissively, but to deny the motion to the extent it seeks intervention as of right.  Judge Lynch recommended also that this Court deny Citizens for Balanced Use et al.'s ("CBU") Motion for Preliminary Injunction.

The Federal Defendants have filed "limited objections" (dkt # 55) to Judge Lynch's Findings and Recommendation.  They argue that footnote 6 on page 12 of the Findings and Recommendation incorrectly states that the maximum fine that may be assessed for a violation of 36 C.F.R. § 261.13 is $500.  The Federal Defendant's maintain that the maximum fine is $5000.  No other party has filed objections, and the time for filing objections has run.

The parties are familiar with the facts of this case, and, additionally, the factual background Judge Lynch provided in the Findings and Recommendation precludes the need to restate the facts here.  Because the Federal Defendants filed objections,

they would ordinarily be entitled to *de novo* review of Judge Lynch's Findings and Recommendation on the issue they address. 28 U.S.C. § 636(b)(1)(C).  However, because the issue they address has no bearing on the dispositive issues here, Judge Lynch's interpretation of the statute is essentially dicta and therefore this Court will not review it.  The Findings and Recommendation on the issues to which no party objected are reviewed for clear error.  28 U.S.C § 636(b)(1).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000).

## II.  Analysis

**A.  Motion to Intervene**

Judge Lynch concluded that MWA should be permitted to intervene permissively pursuant to Fed. R. Civ. P. 24(b).  He noted that this Court previously applied, in this case, the doctrine set forth in <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir. 2002), to deny Treasure State and its fellow defendants intervention as of right.  Judge Lynch was correct that this Court "effectively determined Treasure State was not entitled to intervene as of right under circumstances virtually identical to those involved in MWA's pending motion." It was therefore not clear error to conclude that this Court should deny MWA's Motion to Intervene as of right, but to grant

permissive intervention.

**B.     Preliminary Injunction**

Judge Lynch concluded that because CBU sought injunctive relief on claims not set forth in the complaint, it would be improper for this Court to enjoin the challenged action.  This was not clear error.  See Stewart v. United States Immigration & Naturalization Serv., 762 F.2d 193, 198-99 (2d Cir. 1985).  Judge Lynch granted CBU's motion for permission to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a), to allow CBU to "address the procedural concerns raised by the Forest Service and allow the Court to consider the propriety of granting the preliminary injunctive relief at issue."

Judge Lynch also did not commit clear error in concluding that CBU's first request, to enjoin the Forest Service from implementing the Travel Plan with the MVU maps released on October 8, 2007, is moot because the date of the final route closures for the year has past.  Similarly, Judge Lynch correctly concluded that an injunction against producing similar maps in the future was speculative and premature.

Judge Lynch nevertheless analyzed the merits of CBU's argument, concluding that, even assuming CBU were able to demonstrate a strong likelihood of success on the merits, CBU had not "show[n] the possibility of irreparable injury if preliminary injunctive relief is not granted, and that the balance of

hardships tips in its favor." Earth Island Institute v. U.S. Forest Service (Earth Island II), 442 F.3d 1147, 1177 (9th Cir. 2006). Noting that "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction," Carribean Marine Servs. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), Judge Lynch concluded that the injury CBU alleged – the possibility of forest users inadvertently violating route restrictions and facing criminal prosecution as a result – was far too remote to constitute irreparable harm warranting a preliminary injunction. Moreover, a condition precedent to enforcement of the applicable regulation, found at 36 C.F.R. § 261.13, is that the road in issue be identified on the MVU map. Any accused individual would thus be able to raise as a defense that they had relied on an erroneous map. See Dunn v. United States, 442 U.S. 100, 112 (1929). It was not clear error to conclude that CBU did not show the possibility of irreparable injury.

   Similarly, for the reasons stated in the Findings and Recommendation, Judge Lynch did not clearly err in concluding that CBU's claims of 1) ruination of the hunting season; 2) the danger of getting lost; and 3) incorrectly depicted easements across private land did not meet the requirement to show irreparable injury.

   Lastly, in balancing the potential hardships, Judge Lynch

appropriately considered the public interest as the law requires, and did not clearly err in concluding that "the public interest . . . tips in favor of the Forest Service."  See Lands Council v. McNair, 494 F.3d 771, 779 (9th Cir. 2007).

### III.  Order

In accordance with the reasons set forth above and in the Findings and Recommendation,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt ## 53, 54) is adopted in full, and Citizens for Balanced Use et al.'s Motion for Preliminary Injunction is DENIED. (Dkt ## 31, 32)

IT IS FURTHER ORDERED that Montana Wilderness Association et al.'s Motion to Intervene (dkt ## 28, 29) is GRANTED to the extent they seek permissive intervention, and DENIED to the extent they seek intervention as of right.

Dated this 20th day of December, 2007.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court